**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DOLORES MERTZ | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | NO: 05-4266 |
| | : | |
| JO ANN BARNHART | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM AND ORDER**

AND NOW, this 12th day of July 2006, upon consideration of the cross-motions for summary judgment (Doc. Nos. 8 and 9), the Court makes the following findings and conclusions:

A.    On December 4, 2003, Dolores Mertz ("Mertz") protectively applied for disability insurance benefits ("DIB") under Title II of the Social Security Act, ("Act") 42 U.S.C. §§ 401-433. (Tr. 33-35). Throughout the administrative process including an October 25, 2004, hearing before an administrative law judge ("ALJ"), Mertz's claim was denied. (Tr. 4-6; 8-16; 18-20; 21-25; 234-272). Pursuant to 42 U.S.C. § 405(g), Mertz then sought judicial review in this Court.

B.    The ALJ found Mertz's cardiac and musculoskeletal impairments to be severe. (Tr. 12 ¶ 7 ;15 Finding No. 3 ),[1] but found that they were not severe enough to meet or medically equal any of the listed impairments ("Listing"s). (Tr. 12 ¶ 8; 15 Finding No. 4); 20 C.F.R. Appendix 1 to Subpart P of Part 404. The ALJ further concluded, with the assistance of VE testimony, that Mertz is capable of performing her sedentary past relevant receptionist work, and as such is not disabled under the Act. (Tr. 11 ¶ 4; 13 ¶¶ 10, 16; 15 ¶ 29; 15 Finding Nos. 6, 7).

C.    The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 854 F.2d 1211, 1213 (3d Cir. 1988). If the ALJ's conclusion is supported by substantial evidence, this Court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v.

---

[1] Paragraphs are numbered chronologically seriatim as they appear throughout the ALJ's decision.

Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

D.  Mertz raises several arguments that the ALJ's determination was legally and factually erroneous. However, this Court finds that there is no legal error in the ALJ's decision and that there is substantial evidence in the record to support the conclusions of the ALJ.

    1.  Mertz argues that the ALJ erred as a matter of law in failing to give controlling weight to her treating physicians Drs. Mecca and Mannisi arguing that their opinions should be afforded great weight since they reflect expert judgment over a period of time. In order to be entitled to controlling weight, a treating physician's opinion must be well-supported by medically acceptable sources and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2).
    Contrary to Mertz's argument, it is evident that the ALJ affords Dr. Mannisi's "credible residual functional capacity assessment" great weight. (Tr. 15 ¶ 28). In fact, as stated in the ALJ's decision, the VE testified that based on Dr. Mannisi's RFC assessment, Mertz could perform her past relevant work. (Tr. 13 ¶ 16; 268). I note that Dr. Mannisi's additional records contain evidence that Mertz's exertional impairments did not preclude her from working. (Tr. 118-119, 123-126; 221; 223-224). However, the ALJ properly discounted Dr. Mannisi's opinion that Mertz should be considered for permanent disability as a result of her cognitive losses. (Tr. 223; 233). It is not Dr. Mannisi's, but the ALJ's duty to determine whether Mertz is disabled under the Act. 20 C.F.R. § 404.1527 (e); SSR 96-5p, 1996 WL 374183, at * 2-3. Furthermore, in light of Dr. Mannisi's treatment records, and other cognitive status contained in the record, the ALJ properly questioned Dr. Mannisi's conclusion that Mertz was disabled as a result of these cognitive losses. (Tr. 13 ¶ 19; 14 ¶¶ 20-21). This conclusion is contradicted by the nearly perfect mini-mental status exams of record, the fact that the state agency did not even find a medically determinable mental impairment, and by Mertz's testimony. (Tr. 105; 108; 113; 166-179; 232; 261-262).
    Dr. Mecca was properly not afforded controlling weight. The fact that Dr. Mecca had been treating Mertz for decades, is merely one factor which helps the ALJ decide what weight to afford him. 20 C.F.R. § 404.1527(d)(2)(i)-(ii). In assessing that weight, it is clear that controlling weight is not warranted because Dr. Mecca's RFC evaluation is not supported with findings, is conclusory, and is inconsistent with the record. (Tr. 195-197); Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991) (holding that physicians' opinions that are conclusory and unsupported by the medical evidence are not controlling). All that exists in the record, besides an RFC checklist, are records of routine office visits and lab results. (Tr. 198-207; 228-229). The RFC evaluation merely lists Mertz's multiple diagnoses made by her various physicians as support for his conclusion that Mertz's exertional limitations preclude her from work. (Tr. 195). Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993) (noting that form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best and where a checklist RFC is unaccompanied by thorough written reports, their reliability is suspect). Finally, Dr. Mecca is generally inconsistent with other evidence of record. For example, Dr. Mecca restricts Mertz's handling and fingering, despite Mertz's own testimony that she has no problems with her hands and Dr. Lin's opinion that Mertz had good use of her wrist and was performing activities without restriction. (Tr. 197; 225; 263). Finally, other physicians report that some of Mertz's main impairments including cardiovascular and kidney impairments were generally stable. (Tr. cf. 105; 107-108; 110; 112-113; 119; 180; 182; 221; 223; 231-232). Because I can find no

error with the ALJ's treatment of either physician, a remand is not necessary.

   2.  Mertz next argues that the ALJ failed to properly credit her subjective complaints of pain and other limitations. Under the regulations, it is the ALJ's job to determine to the extent to which a claimant is accurately stating the degree of pain or the extent to which she is disabled by it. Hartranft, 181 F.3d at 362 (citing 20 C.F.R. § 404.1529(c)). In other words, credibility determinations are for the ALJ to make. Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983). Contrary to Mertz's argument, the ALJ considered Mertz's subjective complaints and limitations and properly found them to be not entirely credible, but did however, acknowledge that Mertz has some degree of limitation. (Tr. 12 ¶ 9; 14 ¶ 22; 14-15 ¶¶ 27). In affirming the ALJ's decision that Mertz was not entirely credible, I note that Mertz admitted that the reason that she decided not to work was to preserve her quality of life. (Tr. 14 ¶ 22; 241; 250; 254). Also, the limitations she described were inconsistent with the record, especially with her daily activities. (Tr. 71-73; 261-262).

    Specifically, Mertz claims that ALJ erred as a matter of law in failing to consider uncontroverted evidence of her limitations regarding climbing and sitting. I find this argument to be without merit. In fact, climbing is a limitation that the ALJ acknowledged in her decision. This is evident from the fact that the ALJ accepted the RFC assessment of both the agency physician and of Dr. Mannisi, both which limit Mertz's climbing. (Tr. 13 ¶ 10; 15 ¶ 28; 160; 213). Furthermore, the ALJ also specifically inquired about climbing at the hearing. (Tr. 251). Contrary to her assertion, the ALJ did not deny Mertz benefits because she was able to climb stairs. (Tr. 13 ¶ 11; 105). In light of the fact that the ALJ accepted the above mentioned RFC assessments, that Mertz herself stated that she was capable of climbing stairs two times a day in her questionnaire, and that she admitted at the hearing that she still climbed steps, the ALJ's mere mentioning of Mertz's previous stair climbing for exercise is insignificant. (Tr. 72; 255). With respect to the sitting limitation, Mertz complains that her pain with sitting worsened during the pendency of her claim. (Tr. 72; 250). In any case, the ALJ inquired about sitting during the hearing, and Mertz explained that her back bothers her, but this occurs when she sits for *more than* one to two hours in a workday. (Tr. 250). Furthermore, Dr. Mannisi's credible RFC assessment merely states that sitting is limited, but does not state precisely how long he believes that Mertz could sit. (Tr. 213). Nevertheless, the VE testified that based on this assessment Mertz could perform sedentary work. (Tr. 15 ¶ 28). This conclusion is bolstered by the fact that the state agency RFC states that Mertz can stand six out of eight hours in a work day. (Tr. 159). Because the ALJ properly considered Mertz's climbing and sitting limitations and accurately concluded they would not preclude Mertz from working, there is no error.

    Mertz claims that ALJ erred as a matter of law in finding that her daily activities involve a wealth of sedentary and light activities without restriction. The ALJ did not err in this characterization. (Tr. 14 ¶ 27). Her disability questionnaire demonstrates that Mertz drives to purchase groceries, drives to doctor's appointments, pays bills, takes out small bags of garbage, does dishes, cooks, cleans, does laundry and vacuums her house and car. (Tr. 71-73). Even assuming some of Mertz's abilities have deteriorated as she suggested at the hearing, her testimony still contradicts the notion that she cannot work, since she admitted that she took an hour long class that was a ten minute drive once a week, and continues to drive twenty minutes away to visit her sick aunt, cook meals, dust, and do some vacuuming. (Tr. 255; 256; 261-263). Because Mertz's self-reported activities of daily living stand in opposition to the conclusion that she cannot work, the ALJ's determination that Mertz's

subjective complaints were not completely credible is supported by substantial evidence and thus will not be disturbed.

Upon careful and independent consideration, the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law. Therefore, it is hereby **ORDERED** that:

5. The motion for summary judgment filed by Dolores Mertz is **DENIED**;

6. The motion for summary judgment filed by the Commissioner is **GRANTED** and **JUDGMENT IS ENTERED IN FAVOR OF THE COMMISSIONER AND AGAINST DOLORES MERTZ**; and

7. The Clerk of Court is hereby directed to mark this case as **CLOSED**.

S/ LOWELL A. REED, JR.  
LOWELL A. REED, JR., S.J.